UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL GUILLERMO
VELASQUEZ ARANGO,

        Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
FACILITY SOUTH, FIELD
OFFICE DIRECTOR GARRETT J.
RIPA, ACTING DIRECTOR TODD
M. LYONS, SECRETARY
MARKWAYNE MULLIN, ACTING
U.S. A.G. TODD BLANCHE,

        Respondents.

Case No. 2:26-cv-1433-KCD-DNF

_____/

## **ORDER**

Petitioner Rafael Guillermo Velasquez Arango is a citizen of Colombia. He was apprehended while entering the United States at the Arizona border in 2022, and an immigration officer denied him admission. (Doc. 11-1 at 2-5, 7-11.) He was then released on parole and lived freely under supervision in the United States. Earlier this year, he was placed in immigration custody. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.) The Government opposes the petition. (Doc. 11.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like

Arango, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Arango falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at *3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). The Government agrees that *Hernandez Alvarez* controls.[1] (Doc. 11.)

Arango seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Arango is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the

---

[1] The Government argues that the petition is moot because a bond hearing was set for May 22, 2026. Yet counsel does not know the outcome of the bond hearing, nor is there any evidence that one took place. (Doc. 11 at 2 n.11, 4.) Thus, the Court declines to dismiss the case on that basis.

Government to provide Arango with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Arango also seeks relief under the Fifth Amendment, or any other authority, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Arango with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 28, 2026.

Kyle C. Dudek
United States District Judge

3